IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD ELAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:24-cv-2988 |
| | ) |
| DEUTSCHE BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR HSI ASSET CORPORATION TRUST 2006-HEI, MORTGAGE PASS-THROUGH CERTIFICATE, SERIES 2006-HEI., AND NEWREZ LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, ITS/THEIR SUCCESSORS AND/OR ASSIGNS, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY'S AND NEWREZ LLC, D/B/A SHELLPOINT MORTGAGE SERVICING'S NOTICE OF REMOVAL**

Defendants Deutsche Bank Trust Company, National Association, as Trustee for HSI Asset Corporation Trust 2006-HEI Mortgage Pass-Through Certificate, Series 2006-HEI, ("Deutsche Bank as Trustee") and Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") (Deutsche Bank as Trustee and Shellpoint together are "Defendants") remove this case from the 14th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 for removal.

**I.     BACKGROUND**

1.     Plaintiff Reginald Elam ("Plaintiff" or "Elam") filed the underlying lawsuit in Texas state court to enjoin an October 2024 foreclosure sale to avoid losing ownership of his property located at 222 River Birch Trail, Garland, Texas 75040 (the "Property"). *See* Ex. A-1,

Compl. Plaintiff alleges he submitted a loan modification application with Shellpoint as servicer for his loan with Deutsche Bank as Trustee. *See id*. Plaintiff alleges Shellpoint failed to review his loss mitigation application after confirmation of receipt of documentation Shellpoint requested for review and instead sought to foreclose on his property. *See id*. Based upon these allegations, he asserts claims against Shellpoint and Deutsche Bank as Trustee for (1) breach of contract, (2) statutory fraud under the Texas Deceptive Trade Practices Act, (3) violation of the Real Estate Settlement Procedure Act's dual tracking regulation, and (4) violation of the Texas Debt Collection Act. *See id.* This Court has federal question and diversity jurisdiction over Plaintiff's claims.

## II.     BASIS FOR REMOVAL

### A. Federal Question Jurisdiction

2.     Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3.     28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.     Removal is proper because Elam's suit involves a federal question. Specifically, Plaintiff alleges that Shellpoint and Deutsche Bank as Trustee violated the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. 1024, *et seq*., and seeks monetary relief based upon such alleged violations. *See* Ex. A-1, Compl. at ¶¶ 32-37.

5.     A suit based upon violations of RESPA is, as a matter of law, a federal question. Therefore, this Court has original jurisdiction over this case under the provisions of 28 U.S.C. §§ 1331 and 1441(b).

6. In addition, this Court has supplemental jurisdiction over Elam's remaining state court claims pursuant to 28. U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The statute goes on to provide that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367.

7. Here, this Court has supplemental jurisdiction over Elam's remaining state court claims as the claims are based on the same facts giving rise to Elam's federal claim—that Defendants sought to foreclose on his property instead of reviewing his loan modification application.

**B. Diversity Jurisdiction**

8. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

*i. The Parties are citizens of different states.*

9. Diversity jurisdiction exists when "'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A. as Tr.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

10. Elam is a Texas citizen because he is domiciled there. *See* Ex. A-1, Compl. at ¶ 2; *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

11. Defendant Shellpoint is a citizen of Delaware and New York for the purpose of diversity jurisdiction. Shellpoint is a limited liability company whose citizenship is determined by

that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Shellpoint is a wholly owned subsidiary of Shellpoint Partners, LLC, a Delaware limited liability company. Shellpoint Partners LLC is a wholly owned subsidiary of NRM Acquisition LLC and NRM Acquisition II, LLC, also Delaware limited liability companies. NRM Acquisition LLC and NRM Acquisition II, LLC are wholly owned subsidiaries of New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage, LLC is a wholly owned subsidiary of Rithm Capital Corp., a Delaware corporation with its principal place of business in New York. Rithm Capital Corp. is a citizen of the states of Delaware and New York for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Thus, Shellpoint is a citizen of Delaware and New York for the purposes of diversity jurisdiction.

12.     Defendant Deutsche Bank National Trust Company is a citizen of California for the purpose of diversity jurisdiction. Deutsche Bank is a national banking association whose citizenship is determined by the location of its main office as designated in its articles of association. *See* 28 U.S.C. § 1332(c)(1); *Guillen v. Countrywide Home Loans, Inc.*, No. CV H-15-849, 2016 WL 7103908, at *3 (S.D. Tex. Dec. 6, 2016); *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). Deutsche Bank's citizenship, not that of the HSI Asset Corporation Trust 2006-HE1, is determinative. Deutsche Bank's citizenship controls because Elam sues it, and Deutsche Bank has "real and substantial control" over the assets. *Navarro Sav. Assoc. v. Lee*, 466 U.S. 458, 464-66 (1980); *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Byane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017).

    ii.     *The amount in controversy exceeds $75,000.*

13. The amount in controversy exceeds $75,000 because Elam seeks, among other things, to enjoin a foreclosure sale of the Property which Plaintiff listed for sale at the price of $675,000.000 and for which the Dallas County Central Appraisal District appraises at $531,080. *See* Ex. A-1, Compl., at ¶ 16; Ex. E, Residential Real Estate Agreement Exclusive Right to Sell; Ex. B, DCAD Appraisal. *See Ordonez v. NewRez LLC*, 2020 WL 7258363, at *3 (S.D. Tex. Dec. 9, 2020) (collecting cases) ("In actions enjoining foreclosure, it is the property itself that is the object of litigation; the value of the property represents the amount in controversy.").

14. **THE OTHER PROCEDURAL REQUIREMENTS ARE MET**

15. Pursuant to 28 U.S.C. § 1446(b), Defendants have 30 days from the receipt of the Complaint to seek removal of the action to this Court. Shellpoint was served with Plaintiff's Petition and Summons on October 29, 2024, therefore, Shellpoint's removal of this lawsuit is timely. There is no record that Deutsche Bank has been served as of the date of this removal.

16. Pursuant to 28 U.S.C. § 1446(d), Shellpoint and Deutsche Bank will file a copy of this Notice of Removal with the clerk of 14th Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all processes, pleadings, and orders served upon and readily available to Defendants to date are attached to this notice as composite **Exhibit A**.

18. Defendants reserve the right to amend or supplement this Notice of Removal and reserves the right to assert all defenses and available defensive motions and/or pleadings.

## CONCLUSION

WHEREFORE, Shellpoint and Deutsche Bank remove Elam's lawsuit from the 14th Judicial District Court of Dallas County, Texas to the United States District Court for the Western District of Texas.

Dated: November 27, 2024.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Lauren E. Hayes*
    Lauren E. Hayes
    State Bar No. 24081961
    Lauren.Hayes@huschblackwell.com

111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 – Telephone
(512) 479-1101 - Facsimile

**ATTORNEY FOR DEFENDANTS DEUTSCHE BANK AS TRUSTEE AND SHELLPOINT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I further certify that on the same day, I served a copy of the foregoing document via United States mail, postage prepaid and via email, to:

    John G. Helstowski
    J. Gannon Helstowski Law Firm
    5209 Heritage Avenue, Suite 510
    Colleyville, Texas 76034
    jgh@jghfirm.com

    **ATTORNEY FOR PLAINTIFF**

*/s/ Lauren E. Hayes*
Lauren E. Hayes